## Pentz *versus* Clark.

1. A., a sheriff, acting under an execution in his hands, levied on certain personal property as that of B. C. claimed the property as a purchaser of it at a previous sheriff's sale under an execution against B. A., however, on being indemnified, sold the goods under the execution in his hands, whereupon C. brought trespass. *Held*, that the offer of A. to prove that B. had said to certain of A.'s witnesses that the sale had been arranged for his (B.'s) benefit; that he intended to put his property in the hands of his father-in-law, C., and that he would have a sheriff's sale made for his protection—was, in the absence of proof of C.'s knowledge of B.'s intention, properly rejected.

2. A. submitted a point, asking the court to charge that on certain facts stated the sale would be void. *Answer:* "We decline to affirm this point as a question of law, but refer the facts therein stated to the jury for their determination." *Held*, that there being no sufficient evidence to justify the submission of the point to the jury, it was properly denied, and the latter part of the answer did not injure A.

3. An arrangement with a purchaser at a sheriff's sale that the sale shall be for the benefit of the defendant in the execution, does not of itself, make the sale void. It is voidable by any creditor defrauded, but is good between the parties.

4. Whether a sheriff's sale is fraudulent or not is a fact to be found by the jury, and not a question of law to be declared by the court.

[Pentz v. Clark.]

May 2nd 1882.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Clearfield county :* Of January Term 1882, No. 375.

Trespass de bonis asportatis, by John Clark against Andrew Pentz, Jr., late sheriff of Clearfield county, to recover damages for the sale by him as sheriff of certain personalty as the property of Simon McFarlane, which property Clark claimed as purchaser at a previous sheriff's sale.

On the trial, before MAYER, P. J., the following facts appeared : In the spring of 1875 Lloyd & Company obtained judgment against McFarlane upon which they issued execution, and in pursuance of this writ Pentz, then sheriff of Clearfield county, levied on certain personal property as that of McFarlane. Clark claimed title to the same property, as a purchaser at a previous sheriff's sale held February 5th 1875, under an execution issued by one Charles Dunlap, against McFarlane. It appeared that Clark was not present at this sale, but that he had authorized his son, who lived in the neighborhood, to bid for him.  The son was unable to attend the sale, but before it commenced, told the deputy sheriff that he would give $200 for the goods for his father, if they could be bought for that figure.  The deputy sheriff thereupon requested McFarlane to bid for Clark, which he did, and the goods were sold, on his bids, to Clark, in lots or parcels, which together amounted to $200.  Clark afterward paid for them ; but left them with McFarlane.  Several persons were present at the sale, but no one else bid.

On September 17th 1877, Pentz, after being indemnified, sold these same goods, under Lloyd & Co.'s execution, as the property of McFarlane, whereupon Clark brought this suit.

The defendant alleged that the sale to Clark in 1875 was fraudulent and collusive on the part of Clark and McFarlane ; that the arrangement had been made between them to have this property sold at sheriff's sale and purchased by Clark, with a view to hinder, defraud and delay the creditors of McFarlane.

Defendant offered to prove that McFarlane said to certain of defendant's witnesses, that the sale had been arranged for his, McFarlane's, benefit ; that he intended to put his property into the hands of his father-in-law, Clark, and that he would have a sheriff's sale made for his protection ; intending to supplement this evidence by showing that the sale was so made.  Objected to by plaintiff on the ground that Clark was not present when such statements were made by McFarlane, and had no knowledge of them.  Objection sustained, and evidence rejected.  (2nd, 4th and 6th assignments of error.)

The defendant submitted, inter alia, the following point:

That if the jury believe there was an arrangement by the claimant in this action, that the sale made in February, 1875, should be for the benefit and advantage of the defendant in that writ, who was also the defendant in the writ upon which the sale was made in 1877, the said sale of February, 1875, was void.

Answer. We decline to affirm this point as a question of law, but refer the facts therein stated to the jury for their determination. (8th assignment of error.)

The court further charged the jury in reference to the sale under Dunlap's execution, that "If any or all of the circumstances surrounding this transaction indicate that there was an understanding or arrangement between Clark and McFarlane to have this sale made for the purpose of hindering, delaying and defrauding the creditors of McFarlane, then no title would pass under that sheriff's sale to John Clark, because it was a fraudulent sale, and Clark could not set up a title acquired under and through a fraud. If the jury are satisfied from all the circumstances given in the evidence that there was a fraudulent arrangement betwen Clark and McFarlane to make sale and purchase this property through a sheriff's sale, then Sheriff Pentz, who levied upon and sold this same property afterward, could not be called upon to respond in damages to the plaintiff."

Verdict for plaintiff for $83.26, and judgment accordingly. Whereupon the defendant took this writ, assigning for error the refusal of his point, and the rejection of his offer of evidence as above.

*Wallace & Krebs* and *Frank Fielding*, for the plaintiff in error.—In view of all the circumstances in evidence, the acts and declarations of McFarlane, in reference to the sheriff's sale of February 5th 1875, were part of the res gestæ, and should have been admitted in evidence. The sale of the goods in large parcels and upon a single bid was invalid: Ricketts *v.* Unangst, 3 Harris 90 ; McMichael *v.* McDermott, 5 Harris 353; Corry *v.* Funk, 6 Phila. 560; Klopp *v.* Witmoyer, 7 Wr. 219. The court should have affirmed or refused the defendant's point. Under the answer of the court even if the jury believed and found a verdict that the arrangement was as stated in the point, it would not have found the sale void.

*Murray & Morgan*, for defendant in error.—The offers to introduce the admission of McFarlane in evidence were properly rejected, since there was no proof of collusion between McFarlane and Clark: Crist *v.* Kleber, 29 Sm. 290. A purchase for the benefit of a defendant in an execution does not make a sheriff's sale void, unless such purchase is made to hinder, delay and defraud creditors, and even then it is void only as to the in-

[Pentz *v.* Clark.]

terests intended to be defrauded : Craig's Appeal, 27 P. F.
Smith 458 ; Walter *v.* Gernant, 1 Harris 517 ; In re estate of
Rogers Carriage Co., 39 Leg. Int. 138.

Mr. Justice MERCUR delivered the opinion of the court
October 5th 1882.

This action by the defendant in error was to recover damages
for the sale of his personal property, as the property of one
McFarlane. Some two and a half years prior to this alleged
trespass the property had been sold on execution against
McFarlane and bought by the defendant in error. The attempt
was made by the plaintiff in error, to attack the validity of that
sale. If there was any fraud therein, it was a fact to be found
by the jury, and not one in law to be declared by the court.
It was claimed to have been made by collusion between the
defendant in error and McFarlane with a view to defraud the
creditors of the latter. This question was fully and clearly
submitted to the jury. The court charged "if any or all of the
circumstances surrounding this transaction indicate that there
was an understanding or arrangement between Clark and
McFarlane to have this sale made for the purpose of hindering,
delaying and defrauding the creditors of McFarlane, then no
title would pass under that sheriff's sale to John Clark, because
it was a fraudulent sale, and Clark could not set up a title
acquired under and through fraud." Still further, it charged if
they were satisfied from all the circumstances given in evidence
that there was a fraudulent arrangement between Clark and
McFarlane to make sale and purchase this property through a
sheriff's sale, then Sheriff Pentz, who levied upon and sold this
same property afterward, could not be called to respond in
damages to the plaintiff."

The sale was not made on an execution in favor of the
defendant in error. He resided in another county and was not
personally present at the sale. He authorized his son, who was
carrying on business for him in the vicinity, to bid for him.
The son, who was confined to his bed by sickness, requested the
sheriff to bid a sum specified. When the property was exposed
to sale the defendant in the execution at the request of the
sheriff bid the sum specified and the property was struck down
to the defendant in error. Several persons were present at the
sale. No one bid higher. The validity of the judgment on
which the execution issued is unquestioned. All the forms of
law were complied with, the property sold at a fair price, most
of it in lots it is true ; but there is no evidence that it would
have brought more if it had been sold by items. The defendant
in error was not consulted in regard to the sale, and gave no
directions as to the manner of making it. Standing then in the

[Pentz *v.* Clark.]

position of a good faith purchaser at a public judicial sale, it would have been clearly wrong to affect his title by the declarations of McFarlane, of which he had no notice. All such evidence was properly rejected.

A wide range was given in the admission of evidence, all the circumstances connected with the sale of other property about the same time on the same execution, the possession and control thereof, and the conduct and declarations of the parties to the execution, at the sale, were given in evidence. Under a clear and fair charge the jury found the defendant did not participate in any fraudulent arrangement connected with the sale.

The eighth specification of error is to the answer to the third point. The answer may be liable to criticism. The point asked for a declaration of law, on certain facts stated, that the sale was void. This the court declined to affirm, but referred the facts therein stated to the jury for their determination. If there had been any evidence to justify the submission to the jury, of the facts stated in the point, the latter part of the answer would have been objectionable. If however there was not sufficient evidence of the fact alleged to submit to the jury, then the court ought to have denied it, and the other part of the answer did no injury to the plaintiff in error. On a careful reading of the evidence, we do not find any sufficient to justify its submission. Still further, the mere fact of an arrangement with the defendant in error that the sale should be for the benefit and advantage of the defendant in the execution, did not of itself make the sale absolutely void. It would be voidable by any creditor defrauded, but was good as between the parties thereto. The point wholly ignores all question of fraud. On no principle then can the sale be declared void. It is not necessary to consider the other specifications separately. They present no just cause of complaint.

                                        Judgment affirmed.