# The Keystone Collieries *v.* Mudge, Appellant.

*Sheriffs' sales—Irregularities—Validity of sale.*

1. The validity of a sheriff's sale cannot be attacked in a collateral proceeding, except for fraud or want of authority in the officer making the sale.

2. Where personal property is sold by the sheriff under a writ of execution and it appears that if proper advertisement had been made more bidders would have been attracted, the court may set aside the sale at the instance of the party defendant. Where, however, no application to set aside the sale is made, it cannot otherwise be avoided at the instance of the party claiming to be injured, and as to him it is valid, beyond attack, except for fraud or want of authority in the officers.

3. In an action of replevin for an air-compressor sold by the sheriff to defendant, under a writ of execution, it was alleged that the sale was void because the property to be sold had not been sufficiently advertised, and because the sale was adjourned from the place at which it was advertised to another place, at which fewer bidders appeared. No application was made to set aside the sale. The lower court decided that the sale was void and found in favor of plaintiff and awarded damages for the detention of the property. *Held,* that the validity of the sale and of the defendant's title thereunder could not be questioned in a collateral proceeding, in the absence of proof of fraud or want of authority in the officers making the sale, and the judgment was reversed.

Argued Sept. 27, 1916.   Appeal, No. 77, Oct. T., 1916, by defendant, from judgment of C. P. Clarion Co., May T., 1911, No. 43, for plaintiff, in case of The Keystone Collieries, a Corporation, v. Edmund W. Mudge, doing business as Edmund W. Mudge & Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Reversed.

Replevin for an air-compressor.   Before CRISWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The case was tried by the judge without a jury.

The trial judge found in favor of the plaintiff and

awarded plaintiff $300 damages for detention of the property.   Defendant appealed.

*Errors assigned* were various findings of fact and law of the trial judge and the judgment of the court.

*S. Leo Ruslander,* with him *Corbett & Rugh, Weil & Thorp* and *George K. Warn,* for appellant.—Plaintiff is estopped from collaterally attacking or inquiring into the regularity and fairness of the sheriff's sale, no fraud being proved: Wilkinson's App., 65 Pa. 189; Simons v. Kern, 92 Pa. 455; Morrison & Co. v. Baker, 9 Pa. Superior Ct. 637; Wilson, Trustee, v. Howser et al., 12 Pa. 109; Stewart v. Stocker, 1 Watts 135.

*Theo. L. Wilson,* with him *A. A. Geary, Samuel Wilson* and *S. F. Brush,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 8, 1917:

The appellant, a judgment creditor of the appellee in the sum of $2,446.56, caused execution to issue on the judgment he had obtained, and thereunder a levy was made by the sheriff, 31st of January, 1911, according to his return, "on all the steel and iron rails, mine equipments, coal cars, etc., belonging to the Keystone Collieries, a corporation, at their several mines known as Keystone, Standard, Monroe and Jocelyn, and also all other personal property belonging to the defendants not herein mentioned, which said mines are situate in Toby and Madison Townships, Clarion County, Pa." On February 8th following the sheriff exposed to sale the property so levied upon and sold, as one of the articles included in the levy, an air-compressor weighing between 8 and 10 tons, and of the value of about $2,500.00, to the plaintiff in the execution, on the latter's bid of $25.00. The sheriff made the following return to the writ: "February 25, 1911, after due and public notice, property cried and sold, for $308.50—$21.50 applied on costs, bal-

ance to debt and interest. Vide receipt on writ." On March 17th following, the compressor having been delivered by the sheriff to the purchaser, the defendant in the execution and here the appellee, caused a writ of replevin to issue, under and by virtue of which the sheriff delivered over the compressor to the plaintiff in the writ. The action in replevin was thereafter proceeded with, and resulted in a judgment for the plaintiff for the compressor and the sum of $300.00 as damages, for the taking and retention, with interest and costs. The case was submitted to the court and was tried without a jury agreeably to stipulation filed.

The assignments of error do not call for separate consideration. The case turns upon a single point. Did the facts found warrant the conclusion reached by the court that the sale of the compressor by the sheriff was invalid and void? The only findings of fact that need be referred to in this inquiry, since they alone have any bearing upon the question, are comprised in the fifth request submitted by the plaintiff, which received a qualified affirmance, and the seventh of the court's general findings. The finding asked for by plaintiff was as follows: "The sale of personal property of the Keystone Collieries was advertised by the sheriff of said county to take place at the Jocelyn Mines owned by the Keystone Colliery on February 8, 1911, on which date, at the instance of the defendant therein, who was plaintiff in said writ, the said sheriff adjourned said sale to another place about two and one-half miles distant, to wit, to the Monroe Mines owned by the Keystone Collieries, and without any other or further notice immediately went to the Monroe Mines and sold the compressor aforesaid as the personal property of the defendant in the writ......for a price or sum not exceeding $25.00, which sum was grossly inadequate compared to the value of the said compressor. The value of the said compressor in place at the time of the said sale was in excess of $2,000.00." The court's answer was, "Affirmed, except as to that part

having reference to the adjournment of the sale, on which subject reference is made in the general findings." The seventh of the court's general findings was as follows: "The only advertisement of the sale was that in the form of the handbill above mentioned, and the sheriff first made some sales at the Jocelyn Mines, and from there went to the Monroe Mines, and there sold the air-compressor in question. Whether or not there was a formal adjournment of the sale to the Monroe Mines does not satisfactorily appear, but in effect there was, the parties in attendance at the sale going with the sheriff to the Monroe Mines."

So far as the findings show—and to these we are limited—the case stands free of fraud or collusion, and we have to consider only the legal effect (1) of the failure of the sheriff in his public notices of sale, the required number of which had been duly posted, to make special mention of the air compressor as an article to be sold, and (2) the sale of the compressor at another place than that announced in the advertisement. That we have thus correctly stated the considerations that influenced the mind of the trial judge is shown in the concluding part of his discussion of the facts, where he says: "While there appears to be a dearth of authority directly upon the question, the evidence and facts found lead necessarily and reasonably to the conclusion that the sale in question was not made in compliance with the requirements of the statute; that it was so conducted as to afford just reason for complaint; that notice thereof was not given as so required, and that the sale was practically without notice, either as to the particular property and its nature and character which the sheriff intended to offer, or as to the time and place of sale." His second legal conclusion derived from the facts found is: The so-called sale of the said compressor by the sheriff was, under the facts found and hereinbefore indicated, void, and did not operate to vest the title thereto in the plaintiff in the execution as the purchaser at such sale."

A sheriff's sale, in a collateral proceeding such as this was is open to attack on one or other of two grounds—fraud, or want of authority in the officers making the sale: Shields v. Miltenberger, 14 Pa. 76. The attack here, as we have seen, was on the second ground exclusively. While the writ in the sheriff's hand was a sufficient warrant for his levy, it would not be a sufficient warrant for the sale, except as the sale was made in conformity with statutory requirements. Want of conformity to these, as said in the case cited above, touches the foundation of the proceeding and is enough to impeach the authority of the officer. But nothing short of nonobservance of a statutory requirement is sufficient to that end. Irregularities may appear in the process of sale of which the defendant in the execution would have good reason to complain. Having regard to the nature and character of the property levied on, a fuller and more specific reference to these articles than appeared in the posted handbills might have attracted a larger attendance at the sale and possibly greater competition between bidders, and the sale might have proved more productive had it been concluded entirely at the one place announced in the handbills, and the adjournment over avoided; but such matters as these concern nobody but the parties to the execution, and nobody quite as much as the debtor whose goods were to be sold and applied in payment of its debt. When an execution debtor suffers prejudice from any such things, he may look to the court for relief if he seeks it, and upon sufficient ground being shown, the court having discretionary power over its own process, to the end that injustice and oppression may be prevented, will set aside the sale returned. Once, however, that opportunity which the law affords is neglected, and is allowed to pass unimproved, the sale is no longer voidable at the instance of the party claiming to be injured, and as to him it is valid beyond attack, except as we have said, for fraud and want of authority in the officer: Pentz v. Clarke, 100 Pa. 446. In none of the

findings is there any suggestion of fraud. There was evidently much in this sale that would have appealed strongly to the court for interference, had this appellee assailed it directly, at the proper time and in the proper way; but what he could have done directly and which he neglected to do, he may not now do indirectly in a wholly collateral proceeding. Neither of the things done or omitted to be done by the sheriff on the strength of which the court concluded against the validity of the sale was matter of legislative requirement, and therefore did not enter into the question of the sheriff's authority to make the sale.

The judgment is reversed.