## Dungan's Appeal.   Blake's Appeal.

1. The United States has a lien upon the distillery, fixtures, &c., for taxes on distilled spirits when such property is sold on execution against the distiller.

2. The property is not sold *subject* to the lien, but the United States taxes are to be first paid from the proceeds.

3. The sale being under process from a state court, that court will distribute the proceeds and recognise the priority of the United States claim.

4. The lien of the United States is superior to the claim of the landlord on the proceeds for rent.

5. The laws of the United States are supreme on all subjects to which the legislative power of Congress extends.

March 17th 1871.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Appeals from the decree of the District Court of *Philadelphia*: No. 194 and 202, to July Term 1870.

To September Term 1869, a writ of fieri facias was issued at the suit of James Blake & Co. against Winston F. Rogers, and the fund arising from the sale under the writ brought into court for distribution.   A. Thompson, Esq., was appointed auditor to distribute the fund, which, after deducting costs and expenses of audit, amounted to $1332.17.

The claimants on the fund were George C. Evans, United States revenue collector for the third district of Pennsylvania, J. Dyre Dungan, landlord of the premises which were occupied by the defendant, and on which were the goods sold under the execution, and the plaintiffs in the execution.

The facts are stated as follows in the report of the auditor :—

" The claim of the United States was for the balance of $7260.36, which was composed of taxes alleged to be due by the defendant to the United States, on spirits distilled, for deficiency in spirits, and for the capacity-tax on his distillery.

" That of the landlord was for seven months' rent of premises situate at Front and Canal streets, at $83.33 per month, commencing on the 1st of May 1869, and extending to the 1st of December following.

" And that of the plaintiff in the execution was for $6000, with interest from September 19th 1869, being the amount of a judgment recovered by the plaintiff in the above execution against the defendant, Rogers.

" The defendant in the above execution was a distiller on the premises; he succeeded Milton W. Hillegass, who was the former lessee of the same premises; the landlord of both was J. Dyre Dungan.

" The lease between Dungan and Hillegass is dated June 27th, A. D. 1867; it commenced on the 1st of July then ensuing, and was to continue thereafter, from month to month, until the 1st

[Dungan's Appeal.]

day of July, A. D. 1872, at the rent of $1000 per annum.   This lease contained a covenant on the part of the lessee, 'that he would not let or demise, or in any manner dispose of the demised premises, or any part thereof, for all or any part of the term, to any person or persons whatsoever.'   This relation existed between the landlord and his tenant Hillegass up to the 20th of January, A. D. 1869, on which day Hillegass assigned in writing, under seal, the residue of the term to the defendant Winston F. Rogers.

"The premises having been used as a distillery by Hillegass, he by the same instrument transferred 'all the machinery, stills, boilers or whatever used in carrying on the business of said distillery.'   Dungan, the landlord, agreed to this change by writing. The defendant Rogers entered into possession under this agreement, and carried on business as a distiller; it was during this possession that all the claims now made originated.

"He was sold out by the sheriff on December 29th 1869, under the Blake judgment, the levy thereunder having been made on 24th September preceding.   The property thus sold were the fixtures of his distillery, with some office furniture of inconsiderable value." * * *

"By the Act of Congress of July 20th 1868, relating to excise duties, § 1, 15 Stat. at Large 125, 2 Brightly's Digest of U. S. Laws, 115, 'a tax of fifty cents on each and every proof gallon' was directed to be levied and collected on all distilled spirits on which the tax prescribed by law has not been paid, &c., which tax was 'to be paid by the distiller, owner or person having possession thereof, before removal from distillery warehouse.' And every proprietor or possessor of a still, distillery or distillery apparatus, and every person in any manner interested in the use of any such still, distillery or distillery apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom, and the tax shall be a first lien on the spirits distilled, the distillery used for distilling the same, the stills, vessels, fixtures and tools therein, and on the lot or tract of land whereon the said distillery is situated, with any building thereon, from the time said spirits are distilled until the said tax shall be paid.

"And by the Act of Congress of January 13th 1864, relating to the internal revenue system, sect. 28, 2 Brightly's Digest 301, the amount of all unpaid taxes, it is said, shall be a lien in favor of the United States from the time it was due until paid with the interest, penalties and costs that may accrue in addition thereto, upon all property and rights to property belonging to such person." * * *

"The defendant Rogers was actually indebted in the sum of $1613 to the United States, for unpaid taxes alone on his distilled

[Dungan's Appeal.]

spirits, after his ownership of the lease, and prior to the date of the levy under the Black judgment, viz., during the months of June and July. This sum, by the positive language of the Act of 1868, is made a first lien. It is greater in amount than the sum awarded, and therefore all further discussion as to that due and unpaid since the levy and prior to the sale, as well as for the other branch of the claim, is unnecessary." * * *

The auditor, therefore, awarded the whole balance, $1332.17, to George C. Evans, United States collector, &c.

The report of the auditor having been confirmed by the District Court after exception, Dungan and Blake appealed to the Supreme Court, and assigned the decree of confirmation for error.

*P. Archer* and *L. C. Cassidy*, for Dungan ; *G. Junkin*, for Blake.—The sheriff sold *subject* to the fixed lien of the government : Reed's Appeal, 1 Harris 476 ; Vandyke *v.* Bennett, 1 Tr. & H. Pr. 724 ; Mentzer *v.* Menor, 8 Watts 296 ; Vandever *v.* Baker, 1 Harris 121 ; Mann's Appeal, 14 Wright 375.

The right of the government could not operate over the lien of a prior contract—the lease.

*N. H. Sharpless* (with whom was *J. Cooke Longstreth*), for appellee, referred to the Acts of Congress cited in the auditor's report ; Taylor *v.* Carryl, 12 Harris 259 ; s. c., 20 Howard 253 ; Hagan *v.* Lucas, 10 Pet. 400

The landlord has no *lien* for rent on goods sold under execution ; he has merely priority of payment from the proceeds.

The opinion of the court was delivered, March 23d 1871, by

READ, J.—By the report of the auditor, it appears that the property sold were the fixtures of the distillery of Winston F. Rogers, the defendant in the Blake judgment, consisting of tubs, boilers, tools, stills, &c., with some office furniture of inconsiderable value, all on and belonging to the distillery premises. The defendant became indebted to the United States for taxes on his distilled spirits, manufactured in this distillery, and for his deficient returns, and for a capacity-tax on his distillery. Rogers was actually indebted to the United States in the sum of $1613 for unpaid taxes alone on his distilled spirits, which being greater than the amount for distribution, makes it unnecessary to consider the remaining portions of the claim of the government.

By the Act of Congress of 20th July 1868, "imposing taxes on distilled spirits and tobacco, and for other purposes," (15 Stat. at Large 125), it is enacted "that there shall be levied and collected on all distilled spirits, on which the tax prescribed by law has not been paid, a tax of fifty cents on each and every proof

[Dungan's Appeal.]

gallon, to be paid by the distiller, owner or person having possession thereof before removal from distillery warehouse; and the tax on such spirits shall be collected on the whole number of gauge or wine gallons, when below proof, and shall be increased in proportion for any greater strength than the strength of proof spirit as defined in this act; and any fractional part of a gallon in excess of the number of gallons in a cask or package shall be taxed as a gallon. Every proprietor or possessor of a still, distillery or distilling apparatus, and every person in any manner interested in the use of any such still, distillery or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom, and the tax shall be a first lien on the spirits distilled, the distillery used for distilling the same, the stills, vessels, fixtures and tools therein, and on the lots or tracts of land whereon the said distillery is situated, together with any building thereon, from the time said spirits are distilled until the said tax shall be paid."

The argument of the appellants is, that the sheriff could not sell the property except subject to the lien of the government for the unpaid tax. In plain language, he could not give a title to the property sold by him as an officer of the law. If, therefore, he sold the articles levied upon in twenty-five different lots to twenty-five different persons for twenty-five different prices, would each lot be subject to the whole fixed lien, or how much of it?

The case of The Royal Saxon is an answer to this argument. In Taylor *v.* Carryl, 20 Howard 583, the Supreme Court of the United States held that, where property is levied upon, it is not liable to be taken by an officer acting under another jurisdiction. Speaking of a seizure by a sheriff under process from a state court, and a subsequent seizure of the same property by the marshal, under process against the same defendant, it is said, " The marshal or the sheriff, as the case may be, acquires a special property in the goods, and may maintain an action for them. *But if the same goods may be taken in execution by the marshal and the sheriff, does this special property vest in the one or the other, or both of them?* NO SUCH CASE CAN EXIST: property once levied upon remains in the custody of the law, and is not liable to be taken by another execution in the hands of a different officer, and especially by an officer acting under another jurisdiction."

The sheriff having sold the property under an execution from a state court, the distribution will be made by that tribunal, and in so doing, it will recognise the unpaid tax on the distilled spirits as the first lien, and direct its payment accordingly. This has been done by the court below in the present case, following the precedent in the appeal of The United States *v.* Black *et al.*, from the decree of the Court of Common Pleas of Cumberland

[Dungan's Appeal.]

county, the opinion in which case was filed at Pittsburg on the 19th October 1869.

This, of course, reaches the claim of the landlord, the unpaid tax being made a first lien on the distilled spirits, the distillery used for distilling the same, the stills, vessels, fixtures and tools therein, from the time said spirits are distilled until the said tax shall be paid, which secures its first payment out of the proceeds of such sale.

" The power to impose taxes is one so unlimited in force and so searching in extent, that the courts scarcely venture to declare that it is subject to any restrictions, except such as rest in the discretion of the authority which exercises it.   It reaches to every trade or occupation ; to every object of industry, use or enjoyment ; to every species of possession, and it imposes a burden which in case of failure to discharge it, may be followed by seizure and sale or confiscation of property :" Cooley on Constitutional Limitation 479.   The laws of the United States are supreme on all subjects to which the legislative power of Congress extends.

> Decree affirmed, and appeals dismissed at the costs of the appellants.