## F. M. Ferguson et Ux. *v.* Samuel C. Moore et al., Appellants.

*Taxation—Wife not an occupier of husband's real estate—Act of* 1834.

The wife is not such an occupier of the husband's real estate, whilst he is himself occupying the same, within the meaning of sec. 46 of the Act of April 15, 1834, P. L. 509, as to make her separate property liable for the taxes assessed and levied against the husband.

Argued May 11, 1897. Appeal, No. 47, April T., 1897, by defendants, from judgment of C. P. Butler Co., Sept. T., 1896, No. 73, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER and ORLADY, JJ. Affirmed.

Trespass. Before GREER, P. J.

It appeared from the record that this was an action of trespass brought by the plaintiff and his wife in the right of his wife, against Samuel C. Moore and others, in Clinton township, to recover damages for the taking of a cow belonging to the wife of the plaintiff.

The plaintiff is the owner of a farm on which he resides with his wife and family. In the year 1894 there was assessed against Mr. Ferguson $9.60 work road tax. Plaintiff having refused to pay the tax, the collector levied on a cow belonging to the wife then on the farm, which was advertised and sold for the said taxes.

Verdict and judgment for plaintiff for $30.00. Defendant appealed.

*Errors assigned* among others were (1) in directing a verdict for the plaintiff; (2) in affirming the point presented by plain-

tiff in the court below, which point and answer are as follows:
"1. The personal property of the wife while occupying the real
estate with her husband as his wife is not liable to be seized
and sold for the taxes of the husband assessed on such real
estate during such occupancy of the real estate by the wife, and
the verdict should be for the plaintiff for the value of the cow.
*Answer:* We affirm that point and say to you that under the
law you will find a verdict for the plaintiff for the price agreed
upon for the cow."

*J. M. Galbreath,* of *McJunkin & Galbreath,* and *John M.
Thompson,* with them *E. McJunkin,* for appellants.—The Su-
preme Court, in commenting upon the reasons leading up to
the act of 1834, uses this language, viz: "It is evident the
revisers rejected the features of the acts of 1802 and 1804,
which appeared to confine the liability to goods of tenants only
holding by lease, and extended it to the goods of the person
occupying any real estate:" Smeich v. County of York, 68 Pa.
439.

It is sufficient for them to see that he is there, and that he
has sufficient personal property upon the land whereon to dis-
train and levy the amount of the taxes: Campbell v. Wilson, 1
Watts, 503.

The reasoning of Chief Justice LOWRIE, in the case of
Blanche v. Bradford, 38 Pa. 344, regarding the liability of the
wife's goods for the husband's rent, will apply with even greater
force in the case of the collection of public taxes.

*Lev. McQuistion,* with him *J. C. Vanderlin,* for appellee.

OPINION BY BEAVER, J., July 23, 1897:

The record in this case presents but a single question: Is the
personal property of the wife while occupying real estate with
her husband, as his wife, liable to be seized and sold for the
taxes of the husband, assessed on such real estate during such
occupancy of the real estate by the wife? This was the form
in which the question was put to the court below in the plain-
tiff's point which was affirmed. The real question in the case
might have been considerably narrowed under the facts, as they
were developed in the trial. The testimony shows that the hus-

: and was the owner of personal property in his possession upon the farm occupied by him out of which the taxes might have been levied and collected. So far as the evidence shows, the wife was the owner of a single cow, admittedly her own property, upon which the collector of the road taxes for the township of Clinton levied. The defendant's point was affirmed by the court below and the jury directed to find a verdict for the plaintiff for the value of the cow, levied upon and sold, as agreed upon.

The determination of this question involves the construction of the provisions of the Act of the 15th of April, 1834, P. L. 509. This act contains a complete and comprehensive system relating to county rates and levies and township rates and levies. The first twenty-four sections relate to county rates and levies, sections 25 to 40 inclusive relate to township rates, and sections 41 to 52 contain general provisions applying to both. The 35th section provides: "If any person shall neglect or refuse to make payment of the sum charged to him for township rates and levies, it shall be lawful for the collector thereof, having first obtained a warrant under the hand and seal of any justice of the peace of the county, to levy the same by distress and sale of the goods and chattels of such delinquent, giving ten days' public notice of such sale by written or printed advertisements; and, in case goods and chattels sufficient to satisfy the same with the costs cannot be found, such collector shall be authorized to take the body of such delinquent and convey him to the jail of the proper county, there to remain, until the amount so charged, together with the costs, shall be paid or secured to be paid, or until he shall be otherwise discharged in due course of law." The 46th section, which is general in its character and relates both to county and township rates, provides that "The goods and chattels of any person occupying any real estate shall be liable to distress and sale for the nonpayment of any taxes assessed upon such real estate during his possession or occupancy and remaining unpaid, in like manner as if they were the goods and chattels of the owner of such real estate."

There is a special law relating to roads and the levying of taxes for the maintenance of the same in Clinton township, passed April 2, 1869, P. L. 668. It is contended by the appellee that, under the provisions of this act, no road taxes were

due and that for that reason the judgment of the court below may and ought to be sustained. It is not necessary, however, for us to consider that question at this time, for the reason that we think the construction placed by the court upon the 46th section of the act of 1834, supra, is the correct one. It was the evident intention of the Legislature in the enactment of said act to make the goods and chattels of the person against whom either county or township rates were levied liable for the payment thereof. This plainly appears from the 21st section which relates to county taxes and the 35th section which relates to township taxes. It is not necessary for us, however, to consider the general questions which those sections, taken in connection with the 46th section, present. The narrow question presented is this : Is the wife such an occupier of the husband's real estate, whilst he is himself occupying the same, within the meaning of the 46th section of the said act, as to make her separate personal property liable for the taxes assessed and levied against the husband? We are of the opinion that the court below properly answered this question in affirming the defendant's point. Although the question has not been distinctly ruled, it was held in Moore v. Marsh, 60 Pa. 46, that personal property of the taxpayer which had been sold by the sheriff was not liable for taxes before its removal from the premises, on the ground that the purchasers at the sheriff's sale were not the occupiers of the real estate. This case decides that the owner of personal property was not necessarily occupying real estate, because of such personal property occupying a place thereon. The act evidently refers to a person who maintains in relation to real estate a responsible or beneficial occupancy. Whilst it is true that the wife as a member of the family of her husband was a resident of the farm upon which the taxes in question were levied, she was not in any legal sense the occupier thereof, nor is there any effort on the part of the defendant to show that she exercised in any way any control over the real estate of her husband or had any beneficial interest therein, except as his wife. The mere fact of the ownership of the cow which had been presented to her by her father, and that the cow was cared for upon the premises gave her no occupancy thereof. The relation of husband and wife is not such as to constitute a joint occupancy in a legal sense of real estate be-

longing exclusively to the husband. She has the inchoate right of dower it is true, but that gives her no right to the present possession. She would be bound to remove therefrom, if her husband so decided. She has no immediate control of the farm nor of the proceeds thereof.

It is not necessary for us now to consider the question whether the wife would be liable under the provisions of the 46th section of the act of 1834, supra, if she were the owner of all the personal property upon the premises and had a beneficial interest in the occupancy of the real estate other than that of membership in her husband's family. This question is not raised in the present case and we think that, under its facts as developed in the trial, the court was justified in deciding as a matter of law that the wife was not such an occupier of the premises against which the taxes were assessed and levied as made her personal property liable therefor. The judgment is, therefore, affirmed.