# L. Greif & Bros., Inc., v. Sweigart

*Thomas J. Curtin* and *J. Cullen Ganey*, for United States.

*B. M. Zimmerman*, for landlord.

SCHAEFFER, J., January 19, 1940.—In this interpleader proceeding a joinder of issue was filed in the form of a case stated. The facts are not in dispute, but the legal question for the court to determine is whether, under the facts and the laws of the Commonwealth of Pennsylvania and of the United States, plaintiff, as landlord, is entitled to the net proceeds of sale of certain personal property under distraint proceedings for rental or whether the Collector of Internal Revenue of the United States, at Philadelphia, is entitled thereto for the payment of social security taxes due by the tenant.

L. Greif & Bros., Inc., plaintiff, is the owner of a factory building in Lancaster City, Pa., which it leased to Louis Wallick at $125 per month. On July 14, 1938, there was rental due for said premises for four months amounting to $500. On that date a landlord's warrant for rental was issued through Constable W. G. Sweigart, as bailiff, who levied on the personal property of the lessee on the leased premises. It was duly appraised and advertised for sale and on July 29, 1938, it was sold for $308.70, less costs of $22.72, leaving a net amount of $285.98. On the date of sale W. G. Sweigart received a written notice of a claim

due and owing by Louis Wallick, the tenant, to the collector of internal revenue at Philadelphia for social security taxes in the sum of $405.90. Thereupon Sweigart refused to pay the balance of $285.98 to the landlord and the latter sued Sweigart in assumpsit. Upon petition this court allowed the money to be paid into court and the question now arises as to who is entitled to this fund.

It appears that a lien was entered for the amount of the social security tax claim against Louis Wallick, the tenant, in the District Court of the United States at Philadelphia on May 25, 1938, and also in the Federal tax lien index in the prothonotary's office of Lancaster County on May 28, 1938, as required by the State Act of May 1, 1929, P. L. 1215, sec. 1.

The landlord's warrant was issued on July 14, 1938, which was subsequent to the entry of the lien by the United States. The United States Government claims a priority "in view of the fact that the lien of the Government was first in order of time." The alleged priority is based on Rev. Stat. §3466, 31 USC §191, which is as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

However, in the instant case the question does not arise in bankruptcy, insolvency, or under any of the provisions of the Revised Statutes above cited, but it is an issue between the United States Government and the landlord in a distraint proceeding for rental involving personal property.

It is admitted that the social security tax is valid and assessed properly under the Act of Congress of August 14, 1935, 49 Stat. at L. 620, 639, 42 USC §1101. The Act of Congress of May 29, 1928, 45 Stat. 875 (26 USC §1560), provides as to taxes generally: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The Act of June 2, 1924, 43 Stat. at L. 253, 343, 26 USC §1580, provides that if any person neglects or refuses to pay any taxes due to the United States within 10 days after notice and demand, the collector or his deputy may collect the same by distraint and sale.

In Exchange National Bank of Tulsa v. Davy et al., 13 Fed. Supp. 226 (1936), cited by plaintiff, it was decided that a Federal income tax lien is a general lien and is not necessarily preferred over other liens. But it attaches to the taxpayer's personal property upon filing notice of the lien, subject to then existing rights of third persons. It is said in the opinion at page 228:

"This clearly is intended to place the government in the same position as any other lienholder who is diligent in filing or recording liens, and it is to be accorded the same rights and benefits of the recording statutes which are given individuals. The filing of notice is necessary if the government is to have such a lien, and thus, individuals are afforded notice before dealing with property subject to such tax liens."

In United States v. Bank of United States et al., 5 Fed. Supp. 942 (1934), it was held in a distraint proceeding instituted by the United States Government that a bank is entitled to set off its note against the deposit and is given priority over the tax claim. The right of set-off existed before the distraint. Accord: United States v. Bank of Shelby, 68 F.(2d) 538 (1934).

In a Pennsylvania lower court case, Bosset v. Miller, 2 Woodw. 40 (1870), it was decided that section 1 of the Act of March 3, 1865, 13 Stat. at L. 469, amending the Internal Revenue Act of June 30, 1864, 13 Stat. at L. 223, gives the Government a lien upon all the property of persons in arrears for revenue taxes and provides a method of enforcing the lien by levy and sale, but it is not payable out of the proceeds of sale under an execution on a judgment in the common pleas court in favor of another creditor. On the other hand, in Dungan's Appeal, 68 Pa. 204 (1871), the Supreme Court of Pennsylvania decided that under the Act of July 20, 1868, 15 Stat. at L. 125, making excise taxes on a distillery or distillery apparatus, including stills, vessels, fixtures, and tools on the distillery premises, a first lien, such a lien is superior to the claim of the landlord for rent when the property is sold on an execution issued against the distillery.

In Hay v. Patrick et al., 79 F. (2d) 407 (1935), Judge Thompson of the Circuit Court of Appeals for the Third Circuit decided that in Pennsylvania the landlord has no lien until he makes a levy. In Shalet v. Klauder, 34 F. (2d) 594, 595, it is held that in Pennsylvania the landlord's right to distress on goods for rent " 'is a right in the nature of a lien, rather than a lien, until the goods are actually distrained under a landlord's warrant.' "

In the instant case we are not dealing with any priority in bankruptcy or insolvency proceedings, nor is it a question of distribution of the proceeds of a judicial sale. In this State a sale under distraint proceedings is not a judicial sale in the commonly-accepted meaning of that term, but it is a sale held pursuant to statutory authority: American Seating Co. v. Murdock et al., 111 Pa. Superior Ct. 242.

No case has been submitted directly ruling the question involved in this proceeding. It is a question of priority of lien on the fund in controversy. The lien of the United States for taxes attached thereto not later than May 28, 1938. The landlord's lien for rent was created

subsequently on July 14, 1938, when the landlord's warrant was issued. The lease covered a factory building; the personal property therein was sold as the property of the tenant for rent in arrears. The social security tax arose out of the business conducted on these premises.

The Collector of Internal Revenue of the United States, at Philadelphia, in filing its lien in the case at bar complied fully with the act of Congress and the Pennsylvania act of assembly. This constituted public notice to those dealing with property subject to the tax lien. It is true that this lien is broad in its scope. It does not specify any particular personal property. Accordingly, the act of Congress in question must be construed reasonably and the property rights of individuals and others must be safeguarded. A Federal tax lien cannot be asserted indiscriminately to encumber all personal property whether it be in the factory, place of business, home, or elsewhere. It should be limited in its application and every case should rest on its own facts and circumstances.

Plaintiff refers to Moore v. Marsh et al., 60 Pa. 46, which decided that the warrant of a collector of taxes is not a lien on property before seizure. This has been changed by State statutes. The act of Congress referred to expressly provides that the Government's claim for taxes, if duly entered according to the act of Congress and the statutory law, shall constitute a lien on real and personal property. The facts show that it was so entered of record sometime prior to the issuance of the landlord's warrant. Plaintiff thus had notice of the tax lien, but permitted the rent in arrears to accumulate.

The court concludes in the instant case that under the particular facts and circumstances the tax lien of the United States Government in question attached to the personal property or proceeds of public sale pursuant to the landlord's warrant. The court is of the opinion that the Collector of Internal Revenue of the United States, at Philadelphia, is entitled to priority as against the

claim of plaintiff or landlord in the distribution of said fund.

The Commonwealth of Pennsylvania had also presented a claim for unemployment compensation taxes amounting to $1,014.65. This claim has been withdrawn because it had not been reduced to judgment as provided by the State act of assembly.

And now, January 19, 1940, the court orders and directs that the fund of $285.98 which was paid into this court on December 19, 1938, after deducting costs due to the Prothonotary of Lancaster County amounting to $26.38, leaving a balance of $259.60, be paid by said prothonotary to the Collector of Internal Revenue of the United States, at Philadelphia.