# BENJ. COURSIN v. JOHN SHRADER.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 30, 1891—Decided January 4, 1892.

In ejectment by the purchaser of mortgaged premises at sheriff's sale under a levari facias, against a terre-tenant in possession not a party to the scire facias, the trial judge having fairly submitted to the jury, with proper instructions, the testimony relating to the defence of full payment of the mortgage before the sheriff's sale, the judgment for the plaintiff was affirmed.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 198 October Term 1891, Sup. Ct.; court below, No. 600 July Term 1888, C. P. No. 2.

To the first Monday of July, 1888, Benjamin Coursin brought ejectment against John Shrader, for a lot of ground in Lincoln, late Elizabeth township. Issue.

At the trial, on December 1, 1890, it was made to appear that, on April 1, 1872, Frederick Rhodes, having title to the lot in dispute, executed and delivered to Benjamin Coursin, the plaintiff herein, guardian of the minor children of David H. Rhodes, deceased, a mortgage thereon for $2,695. This mortgage was doubtless duly recorded; but, as the abstracts of title were not furnished in the paper-books, the date of recording was not found. In 1884, William Shrader purchased the lot in dispute at sheriff's sale as the property of Frederick Rhodes, received the sheriff's deed therefor, took possession, and afterwards demised the lot to his son John Shrader, the defendant, in possession as a tenant thereof. To No. 477 June Term 1887, Coursin issued a scire facias on his mortgage, without giving notice to William Shrader or the defendant, and on May 5, 1887, obtained judgment by confession for $4,262.23. By a writ of levari facias from said judgment, No. 126 June Term 1887, the lot in dispute was sold to the plaintiff, who subsequently brought this action.

Charge of Court below.

The defendant, with other evidence adduced to show that at the date of the sheriff's sale on the levari facias, the plaintiff's mortgage was fully paid and therefore the plaintiff had no title, offered in evidence a receipt dated December 7, 1877, purporting to be signed by the plaintiff, setting forth: "Received from F. Rhodes a note for $671.43, and when said note is paid I will satisfy guardian mortgage." With evidence that the signature of the plaintiff to the receipt was genuine, which was not admitted, the receipt was given in evidence by the defendant, and in connection with it the note referred to therein. The note, of the same date and amount as the receipt, had been discounted in bank for Rhodes, and the proceeds placed to his credit. It was renewed several times, and finally paid by Mr. Coursin, the plaintiff, and the notes turned over to Rhodes, who, as appeared, gave the original with other papers to William Shrader.

But, as claimed further by defendant from the evidence, Mr. Coursin, the plaintiff, on January 2, 1883, had entered a judgment against Frederick Rhodes and S. O. Rhodes for $2,626.56. This judgment, on May 8, 1885, was assigned by the plaintiff to F. Rhodes, Sr., father of Frederick Rhodes. And William Shrader testified that, prior to the sheriff's sale to him in 1884, the plaintiff told him that all the notes he held on Frederick Rhodes were included in that judgment. Both Coursin and Rhodes, however, testified that said judgment had nothing to do with the consideration of the mortgage, and that the note had never been paid, nor was it included in the judgment.

At the close of the testimony, the court, EWING, P. J., charged the jury in part as follows :

[Then in regard to the payment (of the note). Was it paid ? Mr. Coursin says it was not paid by Rhodes. He says he paid it. It is argued, and perhaps correctly, the note was paid, if paid by Mr. Coursin, about April, 1880. Mr. Coursin after that, at No. 46 March Term 1883, entered a judgment note against Frederick Rhodes, Jr., and S. O. Rhodes, January 2, 1883, for $2,626.56, with interest from date. Mr. Coursin says that that had nothing to do with this mortgage, and was not in any way connected with it. Mr. Shrader says that Mr. Coursin told him he had included all his notes in that judgment. That

Opinion of the Court.

would presumably include the note that he would lift and hold against Rhodes, at the end of the series of the renewals of this note, if that were the case. Mr. Coursin says it did not include that note; that he never told Mr. Shrader any such thing, and that it did not include all his notes. Well, in the absence of all testimony, it might, perhaps, be a fair presumption that it did; but, if it did include it, is it paid? So far as appears by the testimony, that judgment has never been paid by Frederic Rhodes, Jr. It has been paid to Mr. Coursin, but it has not been paid by Frederick Rhodes. The judgment was assigned to another party, and stands to-day, according to the evidence, against Frederick Rhodes, unpaid. So that if this be the note referred to, it is not paid; if it is out, held out, it is another question.] [1]

—The jury returned a verdict in favor of the plaintiff. A rule for a new trial being discharged and judgment entered, the defendant took this appeal, assigning for error:

1. The portion of the charge embraced in [ ] [1]

*Mr. Isaac S. Van Voorhis* (with him *Mr. John S. Ferguson*), for the appellant.

*Messrs. Robb & Fitzsimmons*, for the appellee, filed no brief.

PER CURIAM:

The appellant has assigned a single extract from the charge of the court below, as error. An examination of the charge as a whole shows that the learned judge fairly submitted to the jury the question of the payment of the mortgage. If paid, the plaintiff was not entitled to recover. The jury having found, under proper instructions, that the mortgage had not been paid, the verdict for plaintiff naturally followed.

Judgment affirmed.