## Fisher v. O'Donnell, Appellant.

*Opening judgment—Payment—Receipts — Principal and agent—Possession of securities—Evidence.*

A judgment entered on a scire facias sur mortgage will be opened where the evidence for defendant tended to show that the money was borrowed from the plaintiff's assignor under an agreement that it should be repaid in installments, that the assignment was not recorded but the securities were delivered to plaintiff, that various payments on account of principal were made to the assignor and receipts given, some of which were signed in the assignor's name, some in the name of both plaintiff and her assignor, and one by the assignor for plaintiff, and from the admission of plaintiff it appeared that the assignor had been her guardian and had full charge of her financial affairs, and that the money borrowed had really been furnished by plaintiff. While the evidence was sufficient to put defendant on inquiry as to plaintiff's title and the extent of the assignor's authority to act for her, it was proper for the jury to pass on the question of agency or whether plaintiff knowingly or negligently permitted the assignor to act so as to mislead defendant to suppose he had authority.

*Laches—Delay by defendant to make application to open judgment.*

A delay of two months to make application to open judgment will not bar defendant, where it appears that the suit was pending for three years before plaintiff became urgent for judgment.

Argued Jan. 30, 1893. Appeal, No. 122, July T., 1892, by defendants, Richard W. O'Donnell and Mary A. O'Donnell, his wife, from order of C. P. Montgomery Co., Dec. T., 1888, No. 109, discharging rule to open judgment. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Scire facias sur mortgage.

The facts were stated as follows, by WEAND, J.:

Richard W. O'Donnell and Mary A., his wife, executed and delivered to Jacob M. Cowden a bond and mortgage to secure the payment of $2,500, dated June 23, 1883, and recorded the same day. The bond and mortgage were assigned by Cowden to Catharine Fisher on August 14, 1883, but the assignment was not recorded until May 6, 1887.

On October 9, 1883, the mortgagors paid to J. M. Cowden six hundred dollars on account of the principal debt, and received from him a receipt signed " J. M. Cowden, Catharine

Fisher." On July 10, 1884, another payment of $200 was made to Cowden and a receipt in Cowden's own name was given. On May 7, 1885, another payment of $100 was made to Cowden and a receipt given, signed " J. M. Cowden for Catharine Fisher." On May 13, 1886, Cowden received a payment of $500 and gave a receipt signed " J. M. Cowden for Catharine Fisher," and on June 30, 1886, another payment to Cowden was made for which he gave his own receipt. He parted with his possession of the bond and mortgage at the time he made the assignment to Catharine Fisher, in whose possession from that time the papers remained. At the time the mortgagors made these payments they had no notice of the assignment, except that which might be inferred from the receipts, and they had not seen Catharine Fisher until after the last payment. Cowden paid no part of the amount so received by him to Catharine Fisher, but regularly paid her the interest on the whole amount of the debt to time of his death.

After the death of Cowden, Catharine Fisher first learned of these payments. She then notified the defendants that unless the debt and interest were paid suit would be brought. Interest was then paid on the balance admitted to be due and received by plaintiffs on account of whole amount claimed. When the sci. fa. was issued and served it contained the usual notice indorsed, that unless an affidavit of defence was filed, judgment would be taken in default, etc. Defendants employed counsel, whose advice not being acceptable they were relieved, and defendants employed no other counsel. Plaintiff's attorney notified defendants that unless they filed an affidavit judgment would be taken, and defendants knew that the whole debt was claimed. Judgment by default was entered March 19, 1892. The petition to open the judgment was filed May 14, 1892.

Plaintiff testified that Cowden told her he would put the money out and collect the interest for her.

The court discharged the rule to open judgment.

*Error assigned* was (1) refusal to open judgment.

*Charles Hunsicker*, for appellant.

*Henry Freedley*, *Walter S. Jennings* with him, for appellee, cited: Wharton, Agency, § 89 and note ; Williams v. Walker,

2 Sandf. Ch. 325 ; Story, Agency, § 104 ; Harris v. Pohlman, 25 N. J. Eq. 179.

OPINION BY MR. JUSTICE MITCHELL, March 20, 1893 :

The money was loaned by Cowden, and his authority to deal with it appears to have been very extensive. He took the mortgage in his own name, did not put the assignment of it on record, and continued to act with regard to it, towards defendant, as if he was the owner, except that in several of his receipts he indicated plaintiff's interest in it by adding her name to his without explanation, or by signing his name " for Catharine Fisher." Unless therefore these receipts were conclusive evidence of plaintiff's ownership of the mortgage, it was a question for a jury whether the payments on account of principal were not properly made. They were certainly evidence to put defendant on inquiry as to what Catharine Fisher's title was, and the extent of Cowden's authority to act for her, but we are not able to see that they entirely put the defendant out of court as to the relief claimed. Her case as made in her petition is that Cowden agreed at the time of the loan to accept repayment in installments, that he continued so far as she knew to be the owner of the mortgage, and that in fact, as she " avers and expects to be able to prove, he received all these payments as the authorized agent of Catharine Fisher." She was entitled to prove this if she could, and we cannot say that she has not given some evidence in support of her contention. In her deposition she says the plaintiff told her " Mr. Cowden was late her guardian and she had left it in his hands, all to do with it," and her husband says " Mrs. Lightkep said Mr. Cowden had full charge of their financial affairs." On the other hand while plaintiff and her sister deny having said these things, they make some admissions as to Cowden's actual or assumed authority in regard to investing their money, that have a bearing on the point of the case. Without going into a review of the evidence which would be undesirable at this stage of the case, we are of opinion that there is enough to entitle the defendant to have a jury pass on the questions whether Cowden had authority in fact to receive the payments on account of principal, or, if not, whether plaintiff knowingly or negligently permitted him to act so as to mislead defendant to suppose he had such authority.

The question of defendant's laches is not free from difficulty. She was certainly very obstinate and unwise in refusing to follow the advice of her counsel, and her determination to do nothing towards a settlement of the case. But the suit was pending more than three years before plaintiff became urgent for judgment, and we cannot say that the additional delay from March till May, when the petition to open was filed, ought to bar the defendant absolutely. The whole case is somewhat mixed and doubtful, where one of two ignorant women must lose by the fraud of a man in whom both reposed confidence, and the question which shall bear the loss can be best resolved by a jury with all the facts and the witnesses before it. We are therefore of opinion that the judgment should be opened and the issue sent to a trial.

Order reversed and rule to open judgment made absolute.