# Nevil, Appellant, *v.* Heinke.

*Justice of the peace—Summary proceedings to recover possession—Mortgage—Act of June 16, 1836. sec. 105—Jurisdiction.*

A petition in summary proceedings before a justice of the peace under the Act of June 16, 1836, sec. 105, to recover possession of premises sold under foreclosure proceedings of a mortgage is fatally defective, if it fails to aver that the person in possession at the time of the application is the defendant, as whose property such real estate was sold, or that he came in possession thereof under him. Such a petition confers no jurisdiction upon the justice of the peace, and the jurisdictional defect is not, and cannot, be waived by the defendant in appearing before the justice, and making defense.

*Mortgage— Foreclosure— Scire facias—Parties—Act of July 9, 1901, sec. 10, P. L. 614—Posting copy of sci. fa.*

A person in possession of mortgaged premises who is not summoned or made party to a scire facias upon the mortgage as provided by section 10 of the Act of July 9, 1901, P. L. 614, is not bound by the judgment in the scire facias. The mere posting of a copy of the scire facias upon the premises does not make the party in possession a party to the suit.

Argued Dec. 13, 1902.   Appeal, No. 220, Oct. T., 1902, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1902, No. 173, reversing judgment of the justice of the peace in case of George W. Nevil v. Charles A. Heinke.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from justice of the peace.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order reversing judgment of justice of the peace.

*Thomas A. Fahy*, with him *J. Albert Miller*, for appellant.

*Wayne P. Rambo*, with him *Ormond Rambo*, for appellee.

OPINION BY BEAVER, J., May 4, 1903:

Proceedings were commenced by petition, under the act of June 16, 1836, sections 105 et seq., to recover possession of

premises sold under foreclosure proceedings of a mortgage given by one, Alberts, to the plaintiff. The defendant was summoned, appeared before the magistrate and made defense. Possession of the premises was awarded to the plaintiff and damages for detention assessed against the defendant. The magistrate entered judgment against the defendant and issued a warrant of restitution, whereupon the case was brought, by certiorari, to the court of common pleas, in which, upon hearing, the judgment of the magistrate was reversed.

The grounds upon which this reversal was based do not appear, as no opinion was filed. It appears, however, from the record and argument, that the defendant bases his defense upon two distinct grounds: First, that the petition to the magistrate was not in accordance with the provisions of section 106 of the act of 1836, supra, and, secondly, that the defendant was not summoned or made party to the scire facias upon the mortgage, as required by the 10th section of the Act of July 9, 1901, P. L. 614.

The method pointed out by the act of 1836 to secure possession of premises sold by the sheriff is a summary proceeding and is to be construed strictly. The 106th section of the act aforesaid requires the purchaser to set forth in his petition specifically three facts: 1. That he purchased the premises at a sheriff's or coroner's sale. 2. That the person in possession at the time of such application is the defendant, as whose property such real estate was sold, or that he came into possession thereof under him. 3. That such person in possession had notice as aforesaid of such sale and was required to give up such estate three months previous to such application.

The requirements of the first and third paragraphs are set forth in the petition in this case with sufficient particularity. As to the second, however, this is the allegation: " That, at the time said suit was instituted Charles A. Heinke was the tenant in possession of the above described premises and has continued in possession thereof up to the present time," but it is not alleged either that he was the defendant, as whose property such real estate was sold, or that he came into possession thereof under him. Whose tenant was he? Under whom was he in possession of the premises? This does not appear, as it

certainly should appear under the distinct terms of the petition required by the act of assembly referred to.

The petition also alleges that the defendant " being so thereof in possession and a copy of the scire facias in the said suit having been duly posted on February 3, 1902, upon the above described premises, Charles A. Heinke became a party defendant in the said suit." The posting of a copy of the scire facias, however, did not make Heinke a defendant in the suit. The 10th section of the act of July 9, 1901, requires that " the plaintiff, in any writ of ejectment, in any writ of summons to recover upon a ground rent deed or to recover any sum charged upon real property by will or deed, in any writ of scire facias sur mortgage or in any writ to charge particular land with the payment of a particular debt running with the land, shall file with his præcipe an affidavit setting forth, to the best of his knowledge, information and belief, who are the real owners of the land charged or, in the action of ejectment, are claimants thereof, as the case may be, and all such persons shall be made parties to the writ, which shall then be served by the sheriff as follows : (*a*) By adding to the writ and serving, as in the case of a summons, all persons other than those named in the writ, who may be found in possession of said land, or any part thereof ; or, if no one be found in possession thereof, then by posting a true and attested copy of the writ on the most public part of said property." It is clear, therefore, that, by the allegations of the petition itself, the defendant was not made party to the action of scire facias sur mortgage. Being, as alleged, in possession, in order to make him a party, the scire facias should have been served as in the case of a summons, as provided in the said act. The defendant was, therefore, not bound by the judgment in the scire facias.

Is he bound by the judgment of the magistrate? In other words, had the magistrate jurisdiction under the petition as filed ? We do not think the facts necessary to give the magistrate jurisdiction were sufficiently set forth. As already shown, the facts required by the second paragraph of the petition were not sufficiently alleged. It does not appear that the defendant was in possession under the person as whose property the premises were sold. He may have been a tenant under some one else, upon a lease prior in time to the lien of the mortgage

upon which the premises were sold.   Every requirement of the act should be fully complied with in the effort to secure possession in the summary proceeding for which it makes provision. It is claimed by the appellant that the appellee, in appearing before the magistrate and making defense, waived any jurisdictional question involved in the proceeding.   This might be true, if it were a question of jurisdiction, so far as it relates to the person, but the jurisdictional defect relates to the very inception of the proceeding and ousts the jurisdiction of the magistrate.   The fact that the defendant appeared cannot give the magistrate jurisdiction in a case in which he had in law no jurisdiction.   Such a defect can be taken advantage of at any time, in any stage of the proceedings.   " Objections to jurisdiction are of two classes, between which there is a clear and well settled distinction : First, those relating to the authority of the court over the subject-matter and, secondly, those relating to its authority over parties.   Objections of the first class cannot be waived nor jurisdiction obtained by acquiescence, but in the second class the rule is different.   The party exempt from jurisdiction may ·waive his personal privilege and, if he does so, the jurisdiction of the court is complete," etc.: Com. v. Barnett, 199 Pa. 161; English v. English, 19 Pa. Superior Ct. 586.   The defect in the petition being fundamental, the magistrate never had jurisdiction of the subject-matter, hence all the proceedings based thereon are of no effect.

It is unnecessary to discuss the other questions in the case. Although ignorant of the reasons which governed the court below in reversing the judgment of the magistrate, we agree with the conclusion reached.

Judgment affirmed.