## Finberg, Appellant, *v.* Burkhardt.

*Judgment—Opening judgment—Parol evidence to vary written agreement—Agreement of sale—Bond and mortgage.*

Where a bond secured by a mortgage given in part payment for real estate shows on its face that the debt was for $13,550.00, and the rate of interest six per cent., a judgment for the full amount of the debt will not be opened upon the testimony of the defendant himself uncorroborated by any other witness or circumstances, that it was agreed between him and the plaintiff at the date of the execution of the agreement that the real debt was $6,950.00, and the interest five per cent., where such testimony is absolutely contradicted by the plaintiff with corroborative proof, including the fact that for eighteen months the defendant had paid interest at the rate of six per cent., and there is no allegation or proof of fraud, accident or mistake, and no proof that any parol agreement was made at the time of the execution of the bond and mortgage.

Argued January 9, 1913. Appeal, No. 381, Jan. T., 1912, by plaintiff, from order of C. P. No. 1, Philadelphia Co., March T., 1912, No. 1169, making absolute rule to open judgment in case of Benjamin Finberg v. Isaac Burkhardt. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Rule to open judgment.

The facts are set forth in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule to open judgment.

*John G. Johnson,* with him *Adolph Eichholz,* for appellant.—Wherever the nature of the parol evidence is such that it merely contradicts the written instrument, such proof will not be allowed in the absence of fraud, accident or mistake: Martin v. Berens, 67 Pa. 459;

Leuten Brick Co. v. Killen, 235 Pa. 144; Wolf v. Rosenbach, 2 Pa. Superior Ct. 587; Jones v. Backus, 114 Pa. 120; Irvin v. Irvin, 142 Pa. 271; Stull v. Thompson, 154 Pa. 43; Ridgeway Dynamo & Engine Co. v. Cement Co., 221 Pa. 160; Appleby v. Barrett, 28 Pa. Superior Ct. 349.

*T. C. McManus*, of *Wescott, Wescott & McManus*, for appellee.—That the breach of a contemporaneous parol agreement inducing a written contract is a valid defense on the writing, is well established: Gandy v. Weckerly, 220 Pa. 285; Faux v. Fitler, 223 Pa. 568.

OPINION BY MR. JUSTICE MESTREZAT, March 17, 1913:

This is an appeal by the plaintiff from an order of the court below making absolute a rule to open a judgment entered upon a bond accompanying a mortgage given by the defendant to plaintiff to secure payment of the balance of purchase money due on certain real estate sold by the plaintiff to the defendant.

The ground for opening the judgment as set forth in the petition for the rule is that at the execution of the articles of agreement for the sale of the real estate and the bond and mortgage there was a parol agreement "that whilst the consideration for the premises purchased by the defendant from the plaintiff was but $6,950, the plaintiff and defendant agreed that the articles of agreement and the bond and mortgage should be made to state a consideration of $13,550"; and further it was understood and agreed between the parties that while the rate of interest to be charged on the deferred payment was five per centum per annum "it would be to his (defendant's) interests in the future sale of these premises to insert the sum of six per cent. as interest on the said bond and mortgage which was accordingly done." The answer to the rule filed by the defendant denied that there was any parol agreement as to the principal or interest entered into by the parties contemporaneously with the execution of the agree-

ment or the bond and mortgage. The learned court below without filing an opinion made the rule absolute, and awarded an issue to determine what amount of money was due upon the bond upon which the judgment was entered. The plaintiff has appealed.

In the language of Mr. Justice GREEN, in Jones v. Backus, 114 Pa. 120, 131, "the case presents nothing but an attempt to substitute a parol stipulation in place of a written one of an entirely different character." There was no sufficient evidence before the court below to warrant it in finding that there was any parol agreement made between the parties at the time of the execution of the contract for the sale of the real estate or at the time of the execution of the bond and mortgage. There was testimony by the defendant and the members of his family, but, with the exception of his own testimony, it referred to matters which occurred prior to the date of the agreement which was made on August 13, 1907. The defendant testifies that only he and the plaintiff were present at the execution of the agreement. He also testified as follows: "He (plaintiff) told me, Sign your name, and you know what conditions I talked with your wife....... Sign by the condition of the mortgage. That is the condition. Q. And that is the condition on which you signed this agreement of August 13, 1907? A. Yes, 1907. That is the condition I signed it." Subsequently, on September 6th or 7th the parties had a settlement when a statement was signed by both parties. The defendant testifies that the plaintiff said to him on that occasion: "See what I make by $13,000? You know what is coming to me. I will explain it to you another time. Don't be afraid. I put everything in white. You know what you got to pay. The money is coming to you for $6,900." After the settlement was made, and on the same day, a notary public took the bond and mortgage to the defendant's house to be signed by him and his wife, and the defendant testifies that the notary then said to him: "You know what Finberg told

you, sign your name." The defendant's son was present
at the settlement and testifies that Finberg said to his
father at that time: "You know what our understanding
is and that will be all right, say nothing about that."
The defendant also testifies to a conversation between
the parties subsequent to the execution of the bond and
mortgage in which the plaintiff agreed that the interest
was to be five instead of six per cent., as appears by the
writings. The son also testifies to a subsequent conver-
sation in regard to the interest which was to be paid
on the deferred payment.

The plaintiff, in his testimony, denied absolutely that
he and the defendant had entered into any parol agree-
ment varying or changing in any way the agreement set
forth in the written contract and the bond and mort-
gage. He also introduced other testimony in corrobora-
tion of his own evidence. It is clear that the defendant's
testimony was not sufficient to warrant the court in
opening the judgment. According to the defendant's
own story nobody was present save himself and the
plaintiff at the time the written contract was executed.
This took place, according to his testimony, in a room
with closed doors. The defendant's own testimony,
therefore, is the only evidence to substantiate the alleged
parol agreement made at the time the written contract
was executed. When the bond and mortgage were exe-
cuted it is not even alleged that there was an agreement
between the parties. The only thing said on that oc-
casion was by the notary who told the defendant that
he knew what Finberg had told him. Substantially
the same thing was said, according to the son's testi-
mony, when the settlement was made. It will be ob-
served, therefore, that the only thing said at the settle-
ment and when the bond and mortgage were executed
was that the defendant knew what the plaintiff had told
him on a former occasion. What that was none of the
witnesses disclosed by the testimony save the defend-
ant himself. He is, therefore, driven to his own testi-

mony, without corroboration, to substantiate the allegation in the petition to open the judgment that there was a parol agreement as to the amount of the balance of unpaid purchase money and the rate of interest which was to be paid.  His testimony is uncertain and indefinite, and too vague to establish the terms of the alleged agreement set up in the petition to open the judgment.  It was too uncertain for corroboration, and hence his family's testimony did not aid it.

There is no allegation of fraud, accident or mistake in the case.  Indeed, there could be no such allegation under the conceded facts of the case.  The written agreement sets forth clearly and distinctly the contract, including the consideration.  Shortly thereafter the parties met and the son of the defendant who was associated with his father in the real estate business was present when a settlement took place and a statement was made.  The son testifies that he read the statement and explained it to his father.  The statement of settlement gives the details of the sale, purchase, rent, taxes, etc., of the real estate transaction between the parties, and shows that the amount of the mortgage to be given by the defendant to the plaintiff was thirteen thousand five hundred and fifty dollars.  This statement was signed by both parties.  It further appears that the defendant paid interest at the rate of six per cent. on the amount of the mortgage for at least eighteen months.  Of course, there is an attempted explanation by the defendant of this course of conduct on his part, but it is entirely too vague and unsatisfactory to impeach the validity of a judgment. On the three different occasions the defendant deliberately signed the agreement, the settlement statement, and the bond and mortgage respectively, with a full knowledge and understanding of their contents, and he now seeks to avoid the effect of his action by alleging that the larger principal and interest were named in the bond and mortgage for the purpose of deceiving subsequent purchasers of the properties when he should make

sale of them.   Under such circumstances it is not too much to require him to sustain his allegation of a parol contract in flat contradiction of the written agreement by evidence that is clear, precise and indubitable.   This he has clearly failed to do.

The order or decree of the court below is reversed and set aside at the cost of the appellee.