**RALSTON v. HEINER, Collector of Internal Revenue.**

District Court, W. D. Pennsylvania. January 21, 1927.

No. 1750.

1. **Internal revenue** ⊂∾28(3)—**Suit to restrain execution of distress warrant for internal revenue taxes against distillery held not maintainable on ground sheriff's sale of distillery divested lien for taxes (26 USCA §§ 149, 154, 156, 157).**

Suit to restrain the execution of distress warrant for internal revenue taxes against distillery property, brought by purchaser of such property at sheriff's sale on execution on ground that the sale divested the lien for the taxes, *held* not maintainable; court having no jurisdiction under Rev. St. § 3224 (26 USCA § 154 [Comp. St. § 5947]), providing that no suit to restrain the assessment or collection of a tax shall be maintained, and purchaser taking place of distillery company as concerns property and having an adequate remedy at law by paying the tax and bringing suit to recover the money paid under Rev. St. §§ 3220, 3226, 3228 (26 USCA §§ 149, 156, 157 [Comp. St. §§ 5944, 5949, 5951]).

2. **Internal revenue** ⊂∾26—**Ordinarily in Pennsylvania internal revenue tax lien is not divested by sheriff's sale except as tax is paid.**

The ordinary rule in Pennsylvania is that a lien for internal revenue taxes is not divested by sheriff's sale except to the extent that the tax is paid out of the proceeds of the sale.

In Equity. Suit to restrain execution of distress warrant for taxes brought by John M. Ralston against D. B. Heiner, Collector of Internal Revenue, Twenty-Third District of Pennsylvania, Pittsburgh, Pa. On motion to dismiss the bill of complaint. Bill dismissed.

Frank W. Stonecipher, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge. [1] This is a suit in equity wherein the plaintiff seeks to restrain the defendant as collector of internal revenue from executing a distress warrant for the collection of taxes due the United States from A. Guckenheimer & Bros. Co., distillers, against the distillery property which the plaintiff had acquired at sheriff's sale on an execution against said A. Guckenheimer & Bros. Co.

The defendant has moved to dismiss the bill of complaint for the reason that this court is without jurisdiction of this action and that the plaintiff has an adequate remedy at law.

The plaintiff does not question the validity of the tax nor the fact that it was a lien on the distillery property prior to the date of the sheriff's sale, but bases his claim to equitable relief on the contention that the lien of the tax upon the distillery property was divested by the sheriff's sale on a judgment against A. Guckenheimer & Bros. Co., and therefore we have presented a case where the collector is seeking by distress warrant to seize property of a person other than the taxable on which the government has no lien or claim and a case in which, if the plaintiff pays the tax, he will have no remedy at law under the federal statutes to sue and recover the money paid, if, as a matter of law, the tax lien had been divested by the sheriff's sale in question.

The defendant contends that the court is without jurisdiction of this action under section 3224 of the Revised Statutes (26 USCA § 154 [Comp. St. § 5947]), and that the plaintiff has a complete remedy at law under sections 3220, 3226, and 3228 of the Revised Statutes (26 USCA §§ 149, 156, 157 [Comp. St. §§ 5944, 5949, 5951]). Section 3224 pro-

vides: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

[2] The plaintiff says that this statute does not apply to his case because no tax was assessed against him, and that he has the right to resort to equity for relief under the authority of Long v. Rasmussen (D. C.) 281 F. 236, holding that section 3224 of the Revised Statutes applies to taxpayers only. If this be the law, it does not apply to the facts of the instant case. True, no tax was assessed against the plaintiff but he acquired property subject to a tax lien. The distillery, the operation of which gave rise to the tax in question, came into his hands. So far as that property is concerned he takes the place of the taxpayer, and if the tax in question be illegal or its lien divested by the sheriff's sale, he has a full and complete remedy at law by paying the tax and bringing suit to recover the money. It is not for us to determine in the instant case whether the tax lien of the government was or was not divested by the sheriff's sale, although we may say that ordinarily in Pennsylvania a tax lien is not divested by the sheriff's sale except to the extent that the tax is paid out of the proceeds of the sale. It is sufficient that we hold that the court is without jurisdiction in equity of the instant case and that the plaintiff has an adequate remedy at law.

A decree for the dismissal of the plaintiff's bill of complaint may be submitted.