Devling Brothers, Inc., *v.* Horn et al.,
Exrs., Appellants.

Argued December 3, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John P. Vallilee,* of *Schrier & Vallilee,* with him *A. N. Crandall,* for appellants.

*G. Mason Owlett* and *C. H. Ashton,* for appellee, were not heard.

PER CURIAM, December 7, 1936:

An issue was awarded in the court below in an interpleader proceeding to determine the ownership of a stock of hardware. It appeared that the Devling Brothers, who were partners, organized a corporation and transferred part of the partnership assets, the stock of goods in their store, to the corporation, receiving in return certificates of stock. The partnership was not dissolved and continued to own the store building and other assets. Subsequently the plaintiff corporation, appellee, purchased goods from various concerns. During the trial it was agreed that the property which had been transferred to the corporation from the partnership and the property that was subsequently purchased by the corporation, should be divided into two separate classes and listed in schedules "A" and "B." Schedule "A" con· sisted of the property which had never belonged to the partnership and could not have been seized by an execution against it. The issue of title to both "A" and "B" was submitted to the jury and a general verdict was returned in favor of appellee. In this appeal appellants ask for a judgment n. o. v. covering the property in both schedules. This, of course, they are not entitled to and, as the record stands, we could not undertake to grant it.

There is another strong reason which precludes the relief sought. The judgment on which the execution issued was entered on a bond given in connection with a mortgage. The mortgage contained this provision: "It is understood that the lien of this mortgage or any judg-

ment that may be entered by virtue of the terms of the bond accompanying the same, shall be restricted to the property above described." The property described was real estate, but appellants contend that they could acquire a lien on personal property by execution and levy notwithstanding this provision. The manifest purpose of the clause was to limit the satisfaction of the mortgage and judgment to the real estate described and exclude the seizure of any personal property for such purpose. We need not discuss the other assignments of error.

The judgment is affirmed.